Dewey, J.
The general rules applicable to the pleadings in the action of slander are well settled. When the words used by the defendant do not of themselves convey the meaning which the plaintiff would attribute to them, and such meaning results only from some extrinsic matter, such extrinsic matter must be alleged in the declaration, and proved at the trial. Whenever there is any uncertainty as to the person or the crime imputed, arising upon the bare statement of the language used by the defendant, that uncertainty must be removed by a distinct averment, making the proper allegations as to the person or crime.
A written or oral statement may be expressed in such clear and unambiguous language as, upon its face and the obvious meaning of the words, to permit no other possible inference than that of an imputation of a charge actionable in its character. Iii such case, no averment of extrinsic facts is necessary, and it would be quite competent and proper for the court to instruct the jury that the words were in law to be deemed libellous Other cases may exist of language of such uncertain, indefinite and general import, either as to the person alluded to, or the charges imputed, that the court may at once perceive that they cannot be held actionable as regards the plaintiff, and may be well authorized so U instruct the jury,
*481 Again; other cases may exist, where an ambiguity arises either as to the person or the crime charged; and whether the words are applicable to the plaintiff or not, and whether they are libellous or not, may depend upon inferences to be drawn by the jury from all the evidence in the case, giving proper effect to any extrinsic facts that are admissible under the pleadings.
In this connexion, it may be remarked that it is not enough to allege, by way of an inuendo, distinct and independent averments, in aid of the charge, and to rely upon such inuendo to authorize the jury to determine the general character of the charge. An inuendo does not enlarge the matter set forth in the other portions of the declaration. It is only explanatory of the matter already charged, and does not extend the sense of the words beyond their natural import, unless accompanied by a distinct averment, or colloquium, or other introductory allegation, to which it may properly have reference. 1 Saund. 243, note (4.)
A difficulty has sometimes arisen, in actions of slander, as to the rule by which words are to be construed. And at times, apparently from motives of public policy, courts have lent too willing an ear to suggestions as to the meaning of words, and, with a view to diminish this species of actions, have required greater certainty and directness in the charges, than comported with good sense or sound principle. The more sensible rule, and that well sanctioned in this Commonwealth, is, that courts and juries are to understand the language used in a publication alleged to be libellous, as mankind in general would understand it. The injury alleged is that of calumniating the character of the plaintiff. If the natural meaning of the words, as understood by the reader, would convey the idea that the publisher intended to impute to the plaintiff such crimes or misconduct as would make the publication libellous, the jury may well find the charge to ho libellous.
With these rules as our guide, we have examined tha declaration in the present case. We perceive no objection *482 upon the face of the declaration, arising from any uncertainty as to the person alleged to be the subject of the libel. It is true that the article published by the defendant did not describe the plaintiff by his Christian and surname. The article is addressed to the editor of the Massachusetts Cataract. It purports to speak of such editor. But here the declaration comes in aid, and by a direct averment alleges that the plaintiff was the editor of the Massachusetts Cataract; and the alleged libellous words are introduced into the declaration, with the direct averment that the defendant published the same “of and concerning the plaintiff.” The declaration has other material averments. It alleges that the seventh commandment is, “ thou, shalt not commit adultery.” It then proceeds to allege that the defendant “ did compose and publish, of and concerning the plaintiff and his violations of said commandment, a certain false, scandalous and malicious libel, containing the. false, scandalous, malicious, defamatory and libellous matter following,” &c. Taking these averments, as found in the declaration, and reading in connexion with them the words of the libel set out in the other parts of the declaration, it seems to us that the declaration is sufficient in form, and that the jury would, if the averment were established by proof, be well authorized to find the article libellous. The form is interrogative; but that renders it none the less libellous, if the meaning and purpose of the author be to convey the same idea that would have been communicated by a uirect imputation. The language used is, “ can you be guilty of breaking the seventh commandment, and cover that noisy and licentious affair ?” It is true, there is no averment, nor any colloquium, to explain, or give force .and effect to the words, “ that noisy and licentious affair.” But when the slander can be collected from the words themselves, it is not necessary to refer to any fictitious affair. 1 Stark. on Slander, (Wendell’s ed.) 351. Nor could any such averment or colloquium be introduced in aid or illustration of the meaning of those words, if in fact there were no such previous reports or conversation about the plaintiff, and no reputed licentious *483 affair, in which the plaintiff was implicated. But such words may have their proper effect in giving character to the publication, in making more plain and effective the charge of adultery upon the plaintiff. The plaintiff is described in the article; he is alluded to as connected with “ a licentious affair; ” and the allegation is to be taken in connexion with the other parts of the libel, in deciding upon the proper meaning to be given to the whole article. The allusions to the plaintiff’s conscience, which are made in the article, are proper to be considered, in deciding upon the meaning of the whole article. After a recital of a portion of the tenth commandment, “ thou shalt not covet thy neighbor’s wife,” &c., the question is asked, “ have you a clear conscience on this subject ? Is not conscience a little unquiet ? Does it not say, hush, be still,” &c.
The court are clearly of opinion that the declaration, in the present case, is good and sufficient, and that with such averments as are introduced, it does charge the defendant with the publication of libellous matter affecting the plaintiff’s character : and that upon such evidence as would be admissible for the plaintiff, under this declaration, it would be competent for the jury to find that the defendant charged the plaintiff with the crime of adultery. The result would be, therefore, that the article has been properly found to be libellous and actionable, whether that be a question for the court exclusively, or for the jury.
In the view we have taken of the case, it does not become necessary to decide particularly as to the duty of the court, and how far it is called upon to decide, as matter of law, on a motion by the defendant for a nonsuit, or for instructions to the jury that the action cannot be maintained, by reason that the matter set forth in the declaration is not libellous; or how far it is competent to submit the question of libel or no libel to the jury, upon proper instructions as to the nature of a libel, and leaving the jury to settle the question as to the meaning and application of the words used, as a matter of fact, subject only to the general rule, that if there was no sufficient *484 evidence to warrant the jury to find that the publication was a libel upon the plaintiff, it would be the duty of the court to set aside the verdict, as a verdict against the evidence. Mr. Greenleaf, in his Treatise upon Evidence, vol. 2, § 411, says, “ it is now held that the judge is not bound to state to the jury, as a matter of law, whether the publication is a libel or not; but that the proper course is for him to define what is a libel in point of law, and to leave it to the jury to say whether the publication falls within that definition.” Certain it is, that the extent to which the question of libel or no libel was formerly referred to the court exclusively, as a matter of law, has latterly been much qualified, and the jury are often called upon to decide as to the meaning of the publication and the effect to be given to the words, and whether the publication be libellous as respects the plaintiff, within the definitions and under the principles of the law of libel given by the court. Parmiter v. Coupland, 6 Mees. & Welsb. 105. Baylis v. Lawrence, 11 Adolph. & Ellis, 920, and 3 P. & Dav. 526.
The views we have already expressed upon this case dis pose of the motion in arrest of judgment, and of that portion of the exceptions as to the ruling of the judge at the trial, refusing to direct a nonsuit, as prayed for by the defendant.
Other questions arose during the progress of the trial, which remain to be considered. 1st. The plaintiff was allowed to prove by sundry witnesses, thát they understood the publication to apply to him. Evidence of this character has been often received. Indeed, in some cases, as those of libels by signs or pictures, it would seem to be absolutely necessary to resort to this species of evidence, to show to the jury the application of the libel to the plaintiff. It has often been permitted in other cases also, where the fact of the application of the libel to the plaintiff was only to be established by connecting a-usions, in the article alleged to be libellous, to reports in circulation, or certain local epithets applied to him, which were well known to the witnesses as descriptive of the plaintiff, and used in reference to him particularly. In all such cases, resort must ordinarily be had to evidence *485 dehors the libel, to establish the fact of its application to the plaintiff.
The competency of evidence resulting from calling witnesses merely to prove, that from reading the libel they believe the person intended by the libel was the plaintiff, was questioned, and such evidence excluded, in the cases of Van Vechten v. Hopkins, 5 Johns. 211, and Gibson v. Williams, 4 Wend. 320. On the other hand, Mr. Greenleaf, in his Treatise on Evidence, vol. 2, § 417, seems to sanction its admission. Treating of the proof of the application of the words to the plaintiff, he says, “ it may be proved by the testimony of any persons conversant with the parties and circumstances; and from the nature of the case, they must be permitted, to some extent, to state their opinion, conclusion and belief, leaving the grounds of it to be inquired into upon a cross-examination.” In the present case, we can perceive no ground for sustaining the motion for a new trial on account of tihe admission of this testimony. So far as it was evidence tending to show that the plaintiff was the editor o°f the Massachusetts Cataract, and thus establishing the application of the libel to the plaintiff, it was clearly competent; beyond that, the evidence upon this point was entirely immaterial It added nothing to the strength of the plaintiff’s case. If the plaintiff was the editor of the Cataract, the application of the libel to him was fully shown on the face of the libel; it being, in direct terms, an article applicable “ to the editor of the Cataract.” Whatever was asserted in the article, whether libellous or not, the person who was the subject of comment is made certain. It was at most, therefore, the admission of immaterial evidence, and could not prejudice the defendant.
2d. The only remaining objection is that which was taken to the ruling of the presiding judge, permitting the jury to consider the whole article published, embracing both those parts set out in the declaration and those not recited therein, for the purpose of forming their opinion as to the meaning of the words set out in the declaration. The court are of *486 opinion that this ruling was proper, and especially so, as the whole article had been read as evidence to the jury, Avithout any objection. Judgment on the verdict.